**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MITCHELL NELSON,

Plaintiff-Appellant,

v.

THE BOEING COMPANY; MICHAEL CUMMINS,

Defendants-Appellees.

No.   19-35401

D.C. No. 2:18-cv-00251-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Mitchell Nelson appeals pro se from the district court's summary judgment in his employment action alleging violations of Title VII.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035, 1043 (9th Cir. 2014).  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Nelson's sex discrimination and retaliation claims because Nelson failed to raise a genuine dispute of material fact as to whether the legitimate, non-discriminatory reasons for defendants' actions were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061-62, 1064 (9th Cir. 2002) (burden-shifting framework applies to sex discrimination and retaliation claims under Title VII; circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Nelson's hostile work environment claim because Nelson failed to raise a genuine dispute of material fact as to whether defendant's alleged conduct was based on his gender, or that defendant's conduct was sufficiently severe or pervasive to alter the conditions of his employment. *See Surrell v. Cal. Water Serv. Co.,* 518 F.3d 1097, 1108-09 (9th Cir. 2008) (elements of a prima facie Title VII hostile work environment claim).

The district court did not abuse its discretion by denying Nelson's untimely demand for a jury trial. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002) (setting forth standard of review and explaining that inadvertence does not justify granting an untimely jury demand).

**AFFIRMED.**